IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELIZABETH A. CARPENTER                                               PLAINTIFF

v.                              CIVIL NO. 04-2271

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Elizabeth A. Carpenter brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on January 7, 2003, alleging an inability to work since November 25, 2001, due asthma, depression, hand and knee problems and suicidal thoughts. (Tr. 55-58, 157-160). For DIB purposes, plaintiff retained insured status through June 30, 2003. An administrative hearing was held on February 25, 2004. (Tr. 165-195). Plaintiff was present and represented by counsel.

By written decision dated May 11, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 21). However, after reviewing all of the

evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of light work. (Tr. 21). The ALJ found plaintiff is restricted from working around dust, fumes or gases. (Tr. 21). From a mental standpoint, the ALJ found plaintiff is limited to incidental contact with co-workers and the general public and to performing only one-two step tasks. (Tr. 21). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as an inventory clerk and a hand packager. (Tr. 22).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on October 28, 2004. (Tr. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 6,7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only

AO72A
(Rev. 8/82)

if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned, is the ALJ's RFC determination. The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is free to disregard a treating physician; however, he must have some professional medical evidence to support the RFC determination.

After reviewing all of the medical evidence contained in the record, the ALJ concluded that plaintiff could perform light work. In making this determination, the ALJ failed to address Dr. Terry Brackman's opinion that plaintiff's "chest pain must be evaluated." Dr. Brackman performed a consultative general physical examination of plaintiff on April 1, 2003. (Tr. 121). At that time among other complaints, plaintiff complained of sharp and stabbing chest pain. (Tr. 122). After examining plaintiff, Dr. Brackman diagnosed her with a history of asthma, untreated major depression, post traumatic stress disorder and chest pain which needed a cardiac evaluation. There is no indication that plaintiff underwent this evaluation and the ALJ failed to discuss his reasoning for discounting Dr. Brackman's opinion. While the ALJ is free to discount an examining or treating physicians opinion he must discuss why he discounted the physician

4

and provide medical evidence to support his findings. Based on the current record, we do not find substantial evidence supporting the ALJ's RFC determination.

After reviewing the entire record, it also appears that none of plaintiff's examining/treating physicians completed a RFC assessment for the time period in question. The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of light work, relied on a RFC assessment completed by non-examining, medical consultant, indicating plaintiff's ability to perform within the medium work category. (Tr. 147-156) We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

On remand, we further suggest that the ALJ direct interrogatories to Dr. Patricia J. Walz requesting that she complete a RFC assessment with regard to plaintiff's mental capabilities during the relevant time period.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

AO72A
(Rev. 8/82)

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of December 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)